# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
July 13, 2005 Session

## LAW OFFICES OF HUGO HARMATZ v. STEVE DORROUGH, ET AL.

### Appeal from the Circuit Court for Knox County
### No. 1-94-03    Dale C. Workman, Judge

---

### No. E2004-01987-COA-R3-CV - FILED JULY 20, 2005

---

D. Michael Swiney, J., dissenting

I respectfully dissent from the majority's decision to affirm the Trial Court's dismissal of this case. I have very little dispute, if any, with the law as set forth in the majority's Opinion. Likewise, I have no dispute with the majority's statement that "[t]he determinative issue, as we perceive it, is whether the action was correctly dismissed for lack of personal jurisdiction over the Defendants." I, however, respectfully disagree with the majority's application of the law to the facts of this case.

I believe the decision of our Supreme Court in *Chenault v. Walker*, 36 S.W.3d 45 (Tenn. 2001), and particularly the language quoted by the majority from that Opinion, when applied to the facts of this case, mandates a reversal of the Trial Court's decision. Clearly, Plaintiff's allegations contained in the Complaint must be taken as true and all factual disputes must be resolved in Plaintiff's favor at this motion to dismiss stage. *Chenault v. Walker*, 36 S.W.3d at 56. This being so, for purposes of Defendants' motion, it is taken as true that Plaintiff is a company which operates in the State of New Jersey and is located in New Jersey. Plaintiff also alleges in his Complaint that Defendants previously filed a lawsuit in Knox County Circuit Court. Where I disagree with the majority is that the majority then states that they accept as true only "that the parties were at some earlier time involved in litigation in Knox County, Tennessee." Plaintiff's Complaint clearly alleges that this was not just a lawsuit filed by Defendants in Knox County, Tennessee, but rather that it was a lawsuit filed in the Circuit Court of Knox County, Tennessee against Plaintiff, an out-of-state defendant. Was that earlier lawsuit against Plaintiff filed by Defendants in Knox County Circuit Court related to the present suit in some way? We have no way of knowing that one way or the other from the record before us, but we do know from the allegations in the Complaint that these Defendants sued the Plaintiff, a non-Tennessee resident, in Knox County Circuit Court, the same court in which the present suit is filed.

The majority apparently assumes that Defendants are out of state Defendants solely because Plaintiff was unable to serve them in Tennessee and eventually served them in Florida. I believe that is an assumption we cannot make from the record before us. The fact that Plaintiff was unable to serve Defendants in the State of Tennessee but was able to serve them in Florida does not mean necessarily that they are nonresidents of this state, and instead means nothing other than Plaintiff found Defendants in Florida and served them there. Likewise, this does not demonstrate that Defendants do not have property located in Tennessee. *See* Tenn. Code Ann. § 20-2-214(a)(3).

I believe we do not know from the record before us, and neither did the Trial Court, whether Defendants are or are not residents of the State of Tennessee. For the majority to hold otherwise is, I believe, an assumption on its part rather than fact. Is personal jurisdiction over these Defendants present? Again, I do not know. I do know, however, that the record is insufficient at this time for us to hold, given the heavy burden on Defendants under the motion to dismiss standard, that an absence of personal jurisdiction has been shown.

Defendants certainly have the option to file affidavits in the Trial Court showing that they are nonresidents of Tennessee and showing their lack of contact with the State of Tennessee. Right now, however, the only "facts" we have before us are that Defendants sued Plaintiff in Knox County Circuit Court in a separate lawsuit, and that Plaintiff was unable to serve Defendants in the State of Tennessee but was able to serve them in Florida. While Plaintiff has "the ultimate burden of demonstrating that jurisdiction exists", *Chenault,* 36 S.W.3d at 56, the initial burden at this motion to dismiss stage was on Defendants, and they simply failed to meet this burden. "If the defendant challenges jurisdiction by filing affidavits, the plaintiff must establish a prima facia showing of jurisdiction by responding with its own affidavits and, if useful, other written evidence." *Chenault*, 36 S.W.3d at 56. Here, Defendants did not challenge jurisdiction by filing affidavits, but rather relied solely upon the allegations contained in the Complaint which are, I believe, sufficient to defeat the motion to dismiss on the ground of lack of personal jurisdiction. I also note as held by our Supreme Court, "[i]n deciding whether the plaintiff has met its burden a court may find it necessary to permit limited discovery or conduct an evidentiary hearing to resolve any apparent factual questions." *Chenault*, 36 S.W.3d at 56 n.3.

I would hold that, based on the record before us, Plaintiff has met its burden of establishing a *prima facia* case that personal jurisdiction over these Defendants is proper. *See Manufacturers Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d, 846 (Tenn. Ct. App. 2000). Plaintiffs achieved this by the allegations in the Complaint that these Defendants previously sued it, a New Jersey company, in the Circuit Court for Knox County, the same Circuit Court for Knox County in which the present suit was filed. In the alternative, I would reverse the Trial Court's dismissal and remand the case to the Trial Court to "permit limited discovery or conduct an evidentiary hearing to resolve any apparent factual questions" on the personal jurisdiction issue. *See Chenault*, 36 S.W.3d at 56 n.3.

-2-

Respectfully, I disagree with the majority, and I would reverse the decision of the Trial Court based not on any holding that there is personal jurisdiction over Defendants but only on the basis that Defendants failed to meet, at this time with the record before us, their motion to dismiss burden of showing that personal jurisdiction was lacking.


_____
D. MICHAEL SWINEY, JUDGE